SHORE, Appellant, v. COONS, Respondent.

1. Where it is apparent from the face of the report of a referee, to whom a cause had been referred under article 16 of the practice act of 1849, that the decision of the referee is erroneous, the judgment of the court confirming the report will be erroneous, and the party aggrieved will be entitled to a reversal thereof, although no motion for a review be filed within the time required by law.

*Appeal from St. Louis Court of Common Pleas.*

*Whittelsey*, for appellant.

*Glover & Richardson, Krum & Harding*, for respondent.

I. The appellant did not file the proper motion to save the case for the opinion of this court. No motion or exception was made until fifteen days after the report had been filed, and no extension of time was asked or given by the court.

II. Treating however the exceptions filed by the appellant as being in time and proper under the code, they omit to notice any points which can be reviewed in this court.

SCOTT, Judge, delivered the opinion of the court.

We do not know how the judgment in this case can be sustained. The referee reports that upon a fair settlement between

the parties there is a balance due to the plaintiff. This balance he refuses to allow her because her petition was so framed as not to authorize the entry of a judgment for it. The defendant's answer denied that he owed the sums alleged to be due by him in the petition, and made exhibits of all the dealings between the plaintiff and himself, and claimed a balance by way of set-off. This set-off was denied by a replication. Under it the referee reports in favor of the defendant a balance of $297 93. For this sum a judgment is rendered in his favor against the plaintiff. Now on what principle can this judgment be upheld? Although by the state of the pleadings the referee was restrained from reporting a balance in favor of the plaintiff, yet did not the balance found to be due to her show that, on a settlement of all accounts growing out of the agency of the defendant, no balance could be due him under his plea of set-off. The validity of the set-off was in issue. A bare statement of the case is sufficient to show the injustice of the judgment. No argument can make it plainer.

As the error of the judgment is apparent from the face of the report, the plaintiff is entitled to a reversal without having taken any exceptions to it. The judgment will be reversed and the cause remanded, and the plaintiff will have leave to amend her petition if she desires to do so. Judge Ryland concurring; Judge Leonard absent.